# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 08-882V
Filed: July 17, 2014

```
*************************************************
LUIS VERGARA and JACKELINE MORA        *
ANGARITA, parents and natural guardians, *
J.A.V., a minor,                        *
                                        *
             Petitioners,               *      Stipulation; Interim
     v.                                 *      Attorney Fees and Costs
                                        *
SECRETARY OF THE DEPARTMENT             *
OF HEALTH AND HUMAN SERVICES,           *
                                        *
             Respondent.                *
                                        *
*************************************************
```

*Donald Gerstein, Esq.,* Richard Gage*, P.C.,* Cheyenne, WY for petitioners.
*Justine Daigneault, Esq.*, U.S. Department of Justice, Washington, DC for respondent.

### DECISION on INTERIM ATTORNEY FEES and COSTS[1]

**Vowell**, Chief Special Master:

      In this case under the National Vaccine Injury Compensation Program [hereinafter "the Program"],[2] petitioners filed a motion for an award of interim attorney fees and costs on November 20, 2013. On June 6, 2014, petitioners filed an amended application. On July 11, 2014, the parties filed a Stipulation of Fact Concerning Interim Attorneys' Fees and Costs ["Stipulation"], wherein they explain that based on informal discussions of respondent's objections, petitioners amend their Application to request an award of $44,190.90. Respondent does not object to this amount. Additionally,

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I intend to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to delete medical or other information, that satisfies the criteria in § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, I agree that the identified material fits within the requirements of that provision, I will delete such material from public access.

[2] The applicable statutory provisions defining the Program are found at 42 U.S.C. § 300aa-10 *et seq*. (2006).

1

while respondent maintains her position that interim attorney fees and costs awards are not permitted in cases like this one, she "elects not to raise her statutory objection at this time in response to this particular request." Stipulation at n.1. Respondent cites to two of my prior decisions in noting that I considered and rejected her statutory objection in those cases. *See Whitener v. Sec'y, HHS*, No. 06-477V, 2011 WL 1467919, at *2-5 (Fed. Cl. Spec. Mstr. Mar. 25, 2011); *Fester v. HHS*, No. 10-243V, 2013 WL 5367670, at *7-8 (Fed. Cl. Spec. Mstr. Aug. 27, 2013).

I find that petitioners are entitled to an award of interim attorney fees and costs under the facts and circumstances of this case. A review of the materials offered in support of the application for interim attorney fees and costs indicates that the agreed amount is reasonable.

**Accordingly, I hereby award the total $44,190.90 as follows:**

- **a lump sum of $43,670.57 in the form of a check payable jointly to petitioners (Luis Vergara and Jackeline Angarita) and petitioners' counsel of record (Donald Gerstein) for petitioners' attorney fees and costs, and**

- **a lump sum of $520.33 in the form of a check payable to petitioners (Luis Vergara and Jackeline Angarita) for costs incurred.**

The clerk of court shall enter judgment accordingly.[3]

**IT IS SO ORDERED.**

**s/Denise K. Vowell**
**Denise K. Vowell**
Chief Special Master

---

[3] Entry of judgment can be expedited by each party's filing a notice renouncing the right to seek review. *See* Vaccine Rule 11(a).