# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
# OFFICE OF SPECIAL MASTERS

No. 08-882V
Filed: September 10, 2014

*********************************************************

| | | |
|---|---|---|
| LUIS VERGARA and JACKELINE MORA ANGARITA, parents and natural guardians, J.A.V., a minor, | * * * * | |
| Petitioners, | * * | Autism; Petitioners' Motion for a Decision Dismissing the |
| SECRETARY OF THE DEPARTMENT OF HEALTH AND HUMAN SERVICES, | * * * * | Insufficient Petition; Proof of Causation; Vaccine Act Entitlement; Denial Without |
| Respondent. | * * | Hearing |

*********************************************************

*Donald Gerstein, Esq.,* Richard Gage*, P.C.,* Cheyenne, WY for petitioners.
*Justine Daigneault, Esq.*, U.S. Department of Justice, Washington, DC for respondent.

## DECISION[1]

**Vowell**, Chief Special Master:

On December 11, 2008, petitioners filed a Petition for Vaccine Compensation in the National Vaccine Injury Compensation Program ("the Program"),[2] on behalf of their minor child J.A.V. The information in the record, however, does not show entitlement to an award under the Program.

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I intend to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). In accordance with Vaccine Rule 18(b), petitioners have 14 days to identify and move to delete medical or other information, that satisfies the criteria in § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, I agree that the identified material fits within the requirements of that provision, I will delete such material from public access.

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 *et seq.* (hereinafter "Vaccine Act" or "the Act"). Hereafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

On May 5, 2014, I issued a Ruling on Facts and Order, which rejected petitioners' contention that the encephalopathy referenced in J.A.V.'s medical records constitutes a Table encephalopathy and also rejected some of their testimony provided at a hearing held on February 20, 2013 in Miami, FL. I ordered petitioners to file an expert report by no later than July 14, 2014, addressing their original causation claim: that one or more of the vaccines that J.A.V. received in April 2007 can cause an autism spectrum disorder, and that they did so in J.A.V.'s case. I later ordered to extend petitioners' deadline to file an expert report until September 12, 2014.

On September 9, 2014, petitioners filed a Motion for Decision Dismissing Petition. To receive compensation under the Program, petitioners must prove either 1) that J.A.V. suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to one of J.A.V.'s vaccinations, or 2) that J.A.V. suffered an injury that was actually caused by a vaccine. See §§ 300aa-13(a)(1)(A) and 300aa-11(c)(1). An examination of the record did not uncover any evidence that J.A.V. suffered a "Table Injury." Further, the record does not contain a medical expert's opinion or any other persuasive evidence indicating that J.A.V.'s alleged injury was vaccine-caused.

Under the Act, petitioners may not be given a Program award based solely on the petitioners' claims alone. Rather, the petition must be supported by either medical records or by the opinion of a competent physician. § 300aa-13(a)(1). In this case, because there are insufficient medical records supporting petitioners' claim, a medical opinion must be offered in support. Petitioners, however, have offered no such opinion.

Accordingly, it is clear from the record in this case that petitioners failed to demonstrate either that J.A.V. suffered a "Table Injury" or that J.A.V.'s injuries were "actually caused" by a vaccination. **Thus, this case is dismissed for insufficient proof. The Clerk shall enter judgment accordingly.**

**IT IS SO ORDERED.**

                                        **s/ Denise K. Vowell**
                                        Denise K. Vowell
                                        Chief Special Master